IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CHARLES W. and ZOE W.,<br><br>Plaintiffs,<br><br>vs.<br><br>REGENCE BLUECROSS BLUESHIELD OF OREGON,<br><br>Defendant. | ORDER AND MEMORANDUM OF DECISION<br><br>Case No. 2:17-cv-00824-TC |

Plaintiffs Charles W. and his daughter, Zoe W., filed this action against Defendant Regence BlueCross BlueShield of Oregon ("Regence"), claiming Regence's denial of certain insurance benefits violated the Employee Retirement Income Security Act ("ERISA"). On September 27, 2019, the court agreed and granted Plaintiffs' motion for summary judgment. See Charles W. v. Regence BlueCross BlueShield of Oregon, Case No. 2:17-cv-00824-TC, 2019 WL 4736932 (D. Utah Sept. 27, 2019).

Plaintiffs now request 10% prejudgment interest on the benefits awarded, $400.00 in costs, and $70,498.00 in attorney's fees. (ECF No. 47.) Regence does not challenge the award of costs but does challenge the requests for prejudgment interest and attorney's fees.[1]

---

[1] The court notes that, in the opposition, Regence requests a hearing on the motion. (Opposition at 12 (ECF No. 54).) Having reviewed the briefs, the court respectfully concludes no such hearing is necessary.

**ANALYSIS**

I.  **Prejudgment Interest**

>   Under ERISA, "[p]rejudgment interest is . . . available in the court's discretion." Benesowitz v. Metropolitan Life Ins. Co., 514 F.3d 174, 176 (2d Cir.2007) . . . . see also Allison, 289 F.3d at 1243 ("Prejudgment interest is appropriate when its award serves to compensate the injured party and its award is otherwise equitable.").
>
>   . . .
>
>   Calculation of the rate for prejudgment interest also "rests firmly within the sound discretion of the trial court." Caldwell v. Life Ins. Co. of N. Am., 287 F.3d 1276, 1287 (10th Cir.2002) . . . . Courts commonly look to state statutory prejudgment interest provisions as guidelines for a reasonable rate.

Weber v. GE Group Life Assur. Co., 541 F.3d 1002, 1016 (10th Cir. 2008).

Here, Plaintiffs request a 10% interest rate, based on the amount provided for in Utah Code Section 15-1-1. Regence argues this provision is inapplicable because although it provides for a 10% interest rate for certain contracts, it does not extend to insurance contracts.

Regence's argument is unpersuasive for three reasons. First, in 2019, the Utah Legislature amended Section 15-1-1 so that it applied to all contracts. See 2019 Utah Laws Ch. 437. This was apparently in response to a Utah Supreme Court decision that reversed longstanding precedent that had previously interpreted the provision as applying to all contracts. See USA Power, LLC v. PacifiCorp, 372 P.3d 629, 669-70 (Utah 2016). So there was only a brief, three-year period when the statute was interpreted narrowly to exclude some contracts. While the court looks to the statute only as a possible guideline, the fact that the Legislature expanded the law in response to the Utah Supreme Court's decision suggests that Utah is serious about applying a 10% interest rate to contract damages.

Second, even during the period when the statute was interpreted narrowly, Regence is incorrect in claiming that it did not apply to insurance contracts. While Section 15-1-1 did not specifically mention insurance contracts, it still applied to such contracts due to its incorporation into Utah Insurance Code. The Utah Insurance Code requires that insurers pay "the rate of interest set in accordance with Section 15-1-1" whenever an insurance claim goes unpaid for more than 90 days. See Utah Code Ann. § 31A-26-301.6(8)(c)(ii)(C) (West 2019). Again, this suggests Utah is serious about applying a 10% interest rate to unpaid insurance claims.

Finally, although Regence has identified two cases from this district where a lower interest rate was ordered (see Dewsnup v. Unum Life Ins. Co. of Am., No. 2:17-cv-00126-TC, 2018 WL 6478886 at *11 (D. Utah Dec. 10, 2018); Lynn R. v. ValueOptions, No. 2:15-cv-362-RJS-PMW, 2018 WL 1737684 at *3 (D. Utah Feb. 27, 2018)), it is much more common for courts in this district to follow state law and apply a 10% rate. See, e.g., B.D. v. Blue Cross Blue Shield of Ga., Case No. 1:16-cv-00099-DN, 2018 WL 671213 at *13 (D. Utah Jan. 31, 2018); Lynn R. v. ValueOptions, No. 2:12-cv-1201 TS, 2014 WL 4232519 at *10 (D. Utah Aug. 26, 2014); Krum v. Hartford Life & Accident Ins. Co., 942 F. Supp. 2d 1171, 1186 (D. Utah 2013); Bennett v. Aetna Life Ins. Co., No. 2:12-CV-139-TS, 2013 WL 4679482 at *10 (D. Utah Aug. 30, 2013).

Weighing the above, the court awards Plaintiffs prejudgment interest at a rate of 10%.

## II.    Entitlement to Attorney's Fees

In an ERISA action, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132. The Tenth Circuit has established five factors for the court to weigh in determining whether to award attorney's fees:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of fees; (3) whether an award of fees would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. Gordon v. U.S. Steel Corp., 724 F.2d 106, 109 (10th Cir. 1983). No single factor is dispositive and a court need not consider every factor in every case.

Cardoza v. United of Omaha Life Ins. Co., 708 F.3d 1196, 1207 (10th Cir. 2013).

Reviewing the factors, the court elects to award fees to Plaintiffs.

First, although the court agrees that Regence did not act in bad faith, it was still culpable for wrongfully denying Plaintiffs' claim. In particular, the court notes that although it reviewed Regence's decision de novo, rather than under the arbitrary and capricious standard, it still found that at least part of Regence's decision was "entirely arbitrary" and warned that "the most logical explanation for Regence's decision is simple impatience." Charles W., 2019 WL 4736932 at *10-11. In the court's view, this is enough to find culpability. See, e.g., McPherson v. Emps.' Pension Plan of Am. Re-Ins. Co., Inc., 33 F.3d 253, 256-57 (3d Cir. 1994) ("[B]ad faith normally connotes an ulterior motive or sinister purpose. . . . A losing party may be culpable, however, without having acted with an ulterior motive. In a civil context, culpable conduct is commonly understood to mean conduct that is blameable [or] censurable.") (internal quotations omitted).

Regence concedes that the second factor weighs in favor of an award. Third, the court concludes an award of attorney's fees is likely to provide at least some deterrent effect. See, e.g., Carpenters S. Cal. Admin. Corp. v. Russell, 726 F.2d 1410, 1416 (9th Cir. 1984) ("If defendant employers face the prospect of paying attorney's fees for successful plaintiffs, they will have added incentive to comply with ERISA."). The fourth factor favors Regence, as the suit was not

4

brought to favor all participants or beneficiaries and did not resolve any unique legal questions. But the fifth favors Plaintiffs. Although the court agrees that Regence's position was not entirely meritless, it also was not particularly persuasive, and Plaintiffs' position was clearly superior.

In sum, the first, second, third, and fifth factors favor providing Plaintiffs with an award of attorney's fees.

### III.  Amount of Award

In determining the amount of attorney's fees to award, the court uses the lodestar method, which requires determining "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

A. Reasonable Rates

Plaintiffs request that their primary attorney, Brian King, be awarded fees at a rate of $600 per hour; that Mr. King's associate, Brent Newton, be awarded fees at a rate of $290 per hour; and that his legal assistant, Kit Spencer, be awarded $140 per hour. (Declaration of Brian King, ¶ 10 (ECF No. 47-1).)

The court agrees with Regence that Mr. King's requested rate of $600 is excessive. Regence notes that in 2008, this court found $300 per hour to be a reasonable rate for Mr. King. See White v. Kroger, No. 1:06-cv-00080-TC, 2008 WL 216298 (D. Utah Jan. 23, 2008). A doubling of that fee in eleven years is unreasonable. Regence also points to a recent case that found $395 per hour to be a reasonable rate in the Salt Lake City legal market. Bodyguard Prod.

v. Does 1-25, No. 2:18-cv-00026-DN, 2019 WL 4696279 (D. Utah Sept. 26, 2019). Based on the above, the court is persuaded that $400 per hour is a reasonable rate for Mr. King.[2]

Regence does not challenge the proposed rates for Mr. Newton and Ms. Spencer, so the court awards them $290 per hour and $140 per hour respectively, as requested.

B. Reasonable Hours

Plaintiffs state that Mr. King worked 52.4 hours, Mr. Newton worked 130.3 hours, and Ms. Spencer worked 9.7 hours. Regence does not challenge any of these requests, and upon reviewing them, the court concludes they are reasonable.

**ORDER**

Plaintiffs' motion for prejudgment interest, attorney's fees, and costs (ECF No. 47) is GRANTED.

The court awards Plaintiffs prejudgment interest at the rate of 10%, costs in the amount of $400.00, and attorney's fees in the reduced amount of $60,105.00.

DATED this 21st day of November, 2019.

BY THE COURT:

TENA CAMPBELL
U.S. District Court Judge

---

[2] Plaintiffs note that a federal court in Washington recently awarded $600 per hour to Mr. King. See Todd R. v. Premera Blue Cross Blue Shield of Alaska, Case No. C17-1041JLR, 2019 WL 1923034 (W.D. Wash. 2019). But in that action, the defendant "[did] not challenge the reasonableness" of the requested amount (id. at *2), so that award of fees is not particularly persuasive here.