IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CHARLES W. and ZOE W.,<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>REGENCE BLUECROSS BLUESHIELD OF OREGON,<br><br>　　　　　　　　Defendant. | ORDER AND<br>MEMORANDUM DECISION<br><br><br>Case No. 2:17-cv-00824-TC |

　　　　Plaintiffs Charles W. (Chuck)[1] and his daughter, Zoe W., brought this action against Chuck's insurer, Defendant Regence BlueCross BlueShield of Oregon (Regence), after Regence stopped paying for Zoe's inpatient mental health treatment. On September 27, 2019, the court granted Plaintiffs' motion for summary judgment and ordered Regence to pay additional benefits to Plaintiffs. See Charles W. v. Regence BlueCross BlueShield of Oregon, Case No. 2:17-cv-00824-TC, 2019 WL 4736932 (D. Utah Sept. 27, 2019).

　　　　Regence appealed that order, but while the appeal was pending, the parties agreed to a confidential settlement. That settlement is contingent on this court clarifying part of its previous order. The Tenth Circuit remanded the case "for the limited purpose of allowing the parties to

---

[1] The parties refer to Charles W. as "Chuck" in the papers, so for convenience, the court does so as well.

file a stipulated Rule 60(a) motion" to obtain the desired clarification. (ECF No. 62.) The parties filed their stipulated motion on April 1, 2020. (ECF No. 63.) For the reasons stated below, the motion is granted.

## ANALYSIS

> A District Court is not limited under Rule 60(a) [of the Federal Rules of Civil Procedure] to the correction of clerical mistakes arising from oversight or omission. Rather, a district court may also invoke Rule 60(a) to resolve an ambiguity in its original order to more clearly reflect its contemporaneous intent and ensure that the court's purpose is fully implemented. See Panama Processes, S.A. v. Cities Service Co., 789 F.2d 991, 993 (2d Cir. 1986); McNickle v. Bankers Life & Cas. Co., 888 F.2d 678, 682 (10th Cir. 1989). A district court is not permitted, however, to clarify a judgment pursuant to Rule 60(a) to reflect a new and subsequent intent because it perceives its original judgment to be incorrect. See Panama Processes, 789 F.2d at 994–95. Rather, the interpretation must reflect the contemporaneous intent of the district court as evidenced by the record.

Burton v. Johnson, 975 F.2d 690, 694 (10th Cir. 1992).

The parties ask the court to clarify two aspects of its previous order.

**A. Milliman Care Guidelines**

First, throughout its order, the court made certain findings about the Milliman Care Guidelines or "MCG," which are medical guidelines used by doctors to evaluate whether someone needs inpatient or outpatient care. The court found that (1) the MCG did not apply to Zoe's situation, and so were not relevant to determining whether her treatment was medically necessary, and (2) even assuming the MCG was an appropriate standard, Regence's physicians did not apply the MCG properly.

As the parties now point out, the MCG is not a single document; it is a multi-volume series that contains recommendations for a wide range of circumstances. In at least one instance in its order, the court specifically referred to "the MCG, 18th Edition, Residential Acute

2

Behavioral Health Level of Care, Child or Adolescent." Charles W., 2019 WL 4736932 at *3. Elsewhere, the court made clear that it was not suggesting "that the MCG never apply or are medically unsound," just that they did not apply to this specific situation before it. Id. at *6. Nevertheless, the court agrees that the order could be considered ambiguous because it mostly referred to the MCG without specifying which volume or edition was being discussed. Accordingly, the court now clarifies that its findings relate solely to the MCG, 18th Edition, Residential Acute Behavioral Health Level of Care, Child or Adolescent, as applied to the parties, medical condition, insurance plan, and facility at issue in this action. As requested by the parties, the following changes are made to the summary judgment order (with the changes in italics):

1. On page 11 of the Order, the last sentence at the end of the first paragraph should now read: "The court here reaches the same conclusion: *the MCG, 18th Edition, ORG: B-902-RES (BHG) – Residential Acute Behavioral Health Level of Care, Child or Adolescent are inapplicable to this situation.*"

2. On page 12 of the Order, the first sentence under B.1. should now read: "In any event, even assuming the MCG, *18th Edition, ORG: B-902-RES (BHG) – Residential Acute Behavioral Health Level of Care, Child or Adolescent* are applicable and that Dr. Stein's and Dr. Mark's opinions are entitled to full consideration, the court concludes these reviewers did not apply those MCG properly *under the specific facts of this case*."

**B. Opinions by Regence's Physicians**

Regence hired Dr. Diane Stein and Dr. Kenneth Marks to review Zoe's medical records. Both doctors gave reports to Regence that applied the MCG, 18th Edition, Residential Acute

Behavioral Health Level of Care, Child or Adolescent to the records and concluded that Zoe's treatment was not necessary. Id. at *4.

The court found that the definition of "medical necessity" in Chuck's insurance plan included "generally accepted standards of medical practice," such as "credible Scientific Evidence published in Peer-Reviewed Medical Literature . . . [or] the views of [p]hysicians and other health care [p]roviders practicing in relevant clinical areas." Id. at *6. But the court also held that this definition did not include the MCG, 18th Edition, Residential Acute Behavioral Health Level of Care, Child or Adolescent, because it was not an appropriate standard to apply to Zoe's case. Because Dr. Stein and Dr. Marks based their decision on this version of the MCG, the court held that their medical record reviews were insufficient:

> Dr. Stein's and Dr. Marks's conclusions were based not on their personal observations of Zoe or on their general subject matter expertise, but on their application of a specific standard supplied by Regence to a set of facts. Plaintiffs have shown that, under H.N., this standard was inapplicable, so Dr. Stein's and Dr. Marks's conclusions do not accurately assess medical necessity as that term is defined under the plan.

Id. at *7.

The parties request that the court add, to the end of that paragraph, the following statement: "If Dr. Stein and Dr. Marks had used the applicable standard to assess medical necessity as that term is defined under the plan, the court would not have discounted their conclusions."

And at least in general, this statement is accurate and the court is amenable to the change. After all, if Dr. Stein and Dr. Marks had based their findings on a more appropriate standard, rather than the inapplicable MCG, their opinions would have carried more weight. Accordingly, the following change is made to the summary judgment order (with the change in italics):

3. On page 12 of the Order, the end of the first paragraph should now read: "Plaintiffs have shown that, under H.N., this standard was inapplicable, so Dr. Stein's and Dr. Marks's conclusions do not accurately assess medical necessity as that term is defined under the plan. *If Dr. Stein and Dr. Marks had used the applicable standard to assess medical necessity as that term is defined under the plan, the court would not have discounted their conclusions.*"

Notwithstanding this change, the court briefly cautions that nothing in this clarification is meant to suggest that doctors can satisfy their obligations under ERISA by simply using magic words such as "medical necessity." It is not enough to cite an appropriate standard if that standard is not applied rationally.

More specifically, in this action, one of the court's key concerns was that the decision to end Zoe's insurance benefits appeared to be entirely arbitrary. Id. at *10-11. Her psychiatric records from June, July, August, September, October, and November were remarkably consistent, yet Regence concluded that her treatment was no longer medically necessary as of mid-August. Despite the lack of improvement in Zoe's health, neither Regence nor any of its doctors were ever able to explain how their decision was reached, leading the court to conclude that Regence had apparently "selected [August 21] at random as the date from which treatment was no longer medically necessary." Id. at *10.

Had Dr. Stein and Dr. Marks submitted reports identical to the ones actually provided in this case, with the only change being that they cited to a more appropriate standard rather than to the MCG, the outcome would have been the same. Absent some type of medically defensible

explanation regarding how this particular date was selected, the problem of arbitrariness would remain.

**ORDER**

The parties' Stipulated Rule 60(a) Motion (ECF No. 63) is GRANTED.

SO ORDERED this 9th day of April, 2020.

BY THE COURT:

TENA CAMPBELL
U.S. District Court Judge